UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Alanna Cardillo, Lisa Chiango, Stephen R. Cohen, Paul DelVecchio, Lynne DelVecchio, Duncan K. Johnson, Tony J. Proctor, *And others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN SPORTS INTERNATIONAL, LLC and TOWN SPORTS INTERNATIONAL HOLDINGS, INC. d/b/a BOSTON SPORTS CLUB/S,<br><br>Defendants. | C.A. No. 1:20-cv-10666-MLW |

AMENDED CLASS ACTION COMPLAINT &
REQUEST FOR A PRELIMINARY INJUNCTION & DECLARATORY RELIEF

*Introduction*[1]

This is a class action lawsuit filed pursuant to the Massachusetts Consumer Protection Statute, M.G.L. Chapter 93A, alleging unfair and deceptive acts and practices against Massachusetts consumers by the Defendants, Town Sports International and Town Sports International Holdings, Inc. d/b/a Boston Sports Clubs (collectively "Town Sports"), in willfully and knowingly charging consumers monthly membership fees for services that Town Sports knew it would not be providing pursuant to the terms of its membership agreements. Town Sports' conduct in this case is a deplorable display of unconscionable corporate avarice. More staggering, during this difficult time in our nation's history, Town Sports acted without care for the welfare of thousands of struggling Massachusetts consumers in order to further its own corporate rapacity.

In mid-March 2020, Town Sports closed all of its Boston Sports Club ("BSC") locations in the Commonwealth of Massachusetts ("Commonwealth") due to the impact of COVID-19. It also furloughed or terminated nearly all of its Massachusetts-based employees. However, Town Sports then shockingly and willingly continued to charge consumers monthly membership fees for services that it knowingly would not render. Town Sports actively took steps to wrongfully accumulate wealth from its consumer base despite

---

[1] For any avoidance of doubt, these allegations are included as part of the plaintiffs' and the Class Complaint, whether or not repeated in full or in part below.

receiving a vast number of requests to cancel memberships, freeze accounts, or refund charges. Requests by consumers made to Town Sports went both unanswered and unaddressed. Instead, Town Sports charged the credit or debit cards of consumers for membership fees while fully knowing that it was unable to provide access to its Boston Sports Club ("BSC") locations and, in many instances, without regard to consumer pleas revoking any authorization to do so. Town Sports' inability to provide the services bargained for under its membership agreements, but willfully and knowingly charging consumers anyway, is a clear-cut violation of the Massachusetts Consumer Protection Statute, M.G.L. c. 93A, and also constitutes a rather sinister breach of contract in light of the financial strain felt by many of its members during this challenging and unprecedented time in our history as a country. Town Sports made it nearly (if not) impossible for consumers to cancel their memberships or avoid charges prior to entitling itself to funds from consumers to which it had no legal right.

The plaintiffs, BSC members, seek an award of compensatory damages, injunctive relief, attorneys' fees, costs, and treble damages arising out of Town Sports' violations of Chapter 93A, and other causes of action under Massachusetts law. The plaintiffs seek relief individually and on behalf of the class of consumers in Massachusetts who are similarly situated and were similarly wronged by Town Sports. Notably, Maura Healy, the Attorney General of Massachusetts has already publicly declared the conduct of Town Sports to be in violation of state law. AG Healy declared that consumers "have the right to cancel [their] contract[s] with BSC under Massachusetts law."[2] In fact, on Twitter, she went so far as to say: "Make no mistake—this [Town Sports' conduct] is illegal." In a letter to Town Sports, Healey wrote "BSC has misled its members regarding their right to cancel their contracts, has continued to charge consumers who have given notice of cancellation of their contract, and has failed to make refunds within fifteen days to consumers who have cancelled. This conduct violates Massachusetts law and is completely unacceptable."[3]

The plaintiffs and the class they represent wholeheartedly agree.[4]

---

[2] *See*, *e.g.*, Boston.com (Boston Globe Media Partners, LLC), <u>Boston Sports Clubs wouldn't let memberships be canceled during the coronavirus outbreak. Then they charged them</u>, dated April 3, 2020. Visit article <u>here</u> (last visited April 9, 2020).

[3] *See*, *e.g.*, Boston.com (Boston Globe Media Partners, LLC), <u>Read the letter Maura Healey wrote to the CEO of Boston Sports Clubs over charging members while closed</u>, dated April 7, 2020, Visit article <u>here</u> (last visited April 9, 2020).

[4] Numerous health and fitness chains and businesses have, of their own volition announced that membership charges will be suspended at the outset of COVID-19 shutdowns. *See*, *e.g.*, <u>Equinox</u>, Visit site <u>here</u> (stating "Your membership will be put on freeze at no cost as of the day the club closed. No further action is required to freeze"); <u>Planet Fitness</u>, Visit site <u>here</u> ("Out of an abundance of caution, all of our clubs have closed until further notice. As your long-term partner in fitness, we have proactively frozen all memberships on your behalf, and you will not be charged any fees during this time"); <u>Barry's Boot Camp</u>, Visit site <u>here</u> ("For any existing reservations, we will return these classes to your account. Additionally, all class packages and memberships will be adjusted to reflect the duration of these closures").

I.      THE CLASS & FACTUAL ALLEGATIONS

1. On reliable information and belief, based on a number of news reports, public social media postings, hundreds of personal accounts, consumer reports filed with the Attorney General's Office, statements made by public officials, and the plaintiffs' experiences, nearly all − if not all − of the members of any BSC in the Commonwealth of Massachusetts were charged monthly membership fees on or about April 1, 2020 by Town Sports, despite all of its locations having been closed weeks prior. Town Sports also made it virtually impossible for members to contact it, thus rendering them unable to cancel or suspend their memberships before Town Sports charged their personal credit and/or debit cards, or deducted money from their bank accounts. Accordingly, the plaintiffs bring this action on their own behalf and on behalf of:

    > All persons in Massachusetts who were charged fees by Town Sports for club membership or services for any period on or after March 16, 2020 in which services were not provided.

    The time period described above, through the time clubs resume services to members, will be referred to as the "Class Period." Such similarly situated persons as the plaintiffs are hereinafter referred to collectively as the "Class" or "Class Members."

2. Pursuant to M.G.L. c. 93, Section 82, consumers have a statutory right to cancel gym memberships when a seller "substantially changes the operation of a health club or location." *Id.*

3. Section 82 further provides: "All monies paid by the buyer pursuant to a contract for health club services which has been cancelled for one of the reasons contained in this section shall be refunded to the buyer or his estate within fifteen days of the seller's receipt of such notice of cancellation . . ." *Id.*

4. Pursuant to M.G.L. c. 93, Section 86, "Any buyer who has suffered any injury as a result of a violation of sections seventy-eight to eighty-eight, inclusive, or the attorney general, may bring an action for recovery of damages or other relief, including injunctive relief, multiple damages and attorney's fees, as and to the extent provided for under chapter ninety-three A." *Id.*

5. Section 86 also makes it clear that Chapter 93 does not limit the remedies consumers may seek against health clubs: "Nothing in sections seventy-eight to eighty-eight, inclusive, shall be construed so as to nullify or impair any right or rights which a buyer may have against a seller at common law, by statute, or otherwise. The provisions of said sections seventy-eight to eighty-eight, inclusive, are not exclusive and do not relieve the seller or his assignees or the contracts subject to said sections from compliance with all other applicable provisions of law." *Id.*

6. During the Class Period, on or about March 16, 2020, Town Sports closed all of its locations in the Commonwealth. Town Sports sent multiple notices of closure to consumers, but did not provide them with a viable method of cancelling or suspending their memberships. In fact, Town Sports effectively furloughed (indefinitely) or terminated its entire work force in Massachusetts, depriving consumers of any meaningful way to cancel their memberships before Town Sports charged them fees relating to monthly memberships or for other services not rendered.

7. Regardless of the issues concerning notice or cancellations, Town Sports knowingly charged consumers membership fees when it was unable to provide access to its facilities or the services that were bargained for, which is, by itself, a violation of Chapter 93A.

8. For substantially all of its Massachusetts members, including the plaintiffs, Town Sports collects monthly membership and other fees by automatic payments deducted from the member's credit card or bank accounts pursuant to membership agreements that Town Sports requires its members to enter into.

9. In mid-March of 2020, Town Sports knew that it would not be able to provide health club services to any Massachusetts consumer due to COVID-19 related concerns and orders in exchange for any automatic payments taken from members' credit card or bank accounts because its locations were closed.

10. Town Sports knowingly and willfully engaged in unfair and deceptive practices, in violation of M.G.L. c. 93A, Section 2, by initiating and accepting automatic payments for services that it knew it would not provide, including those charged to and received by the plaintiffs.

11. Town Sports knowingly and willfully engaged in unfair and deceptive practices, in violation of M.G.L. c. 93A, Section 2, by hindering or outright preventing consumers from cancelling or suspending their memberships. In fact, for the first time on April 1, 2020 (the very same day that monthly fees were charged), in a backdated email, Town Sports provided an email address for consumers to use in order to "pass up" the opportunity to upgrade and, instead, freeze their accounts. Prior to that time, members were told that Town Sports would "address all membership-related concerns once our gyms are operating."

12. On April 8, 2020, after the initiation of this lawsuit, Town Sports informed its members that it would voluntarily freeze all accounts. However, it refused to issue refunds except to the four original named plaintiffs, which it did only after this lawsuit was filed. When asked to issue refunds to all aggrieved members, as requested in the plaintiffs' demand letter, Town Sports refused. Forcing a consumer into litigation in order to obtain a refund due to them is a knowing and willful violation of Chapter 93A, as it is both unfair and deceptive.

13. Town Sports is currently aware of the identities of all Class Members in the Commonwealth and its business records can identify the Class with ease. However, on information and belief, there are/were thousands of BSC members in Massachusetts during the Class Period and each of those individuals would, therefore, qualify as Class Members. Undersigned counsel is aware of, or has already been contacted by, hundreds of Class Members seeking relief.

14. For this reason, the Class is so numerous that joinder of all Class Members would be impracticable. It is believed that most of these individuals would not likely file individual suits because they lack either adequate financial resources, access to attorneys or the courts, knowledge of their legal rights, or because the amount at issue for some would discourage them when compared to the cost of bringing an individual action. For this reason, a class action would quite obviously be an efficient mechanism for resolution of the claims of the Class.

15. There exist numerous common questions of both law and fact, including that Town Sports knowingly and intentionally, in violation of law, charged consumers membership fees knowing that those members could not access its facilities. This was done willfully and intentionally in an effort to obtain money for its own corporate gain without providing the bargained for benefit under its membership agreements.

16. Town Sports also acted knowingly when hindering or preventing consumers from contacting it to cancel or suspend their memberships, an entitlement they are due under the law.

17. Town Sports also charged many members fees for the same services (never provided) multiple times.

18. These questions of law and fact in this matter between the Class Members are essentially identical. Any defenses raised by Town Sports, including that their conduct did not violate Massachusetts law, would be common to the plaintiffs and all Class Members.

19. The claims of the plaintiffs are typical of the claims of the Class, because each Class Member was subject to and victimized by the same unlawful conduct of Town Sports in essentially the same manner.

20. The plaintiffs are represented by seasoned litigation counsel, who are experienced in class action litigation and, in particular, in litigating claims under M.G.L. c. 93A (and its insurance counterpart, Chapter 176D).

21. The prosecution of separate actions against Town Sports would be a waste of judicial resources, and the resources of the Class Members. It would also create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Town Sports. In addition, adjudications with respect to individual members of the Class

could, as a practical matter, be dispositive of the interests of all the other members of the Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

22. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual Class Members. A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy. Facts not common to the Class are immaterial to resolving the common legal questions whether Town Sports' conduct violated Massachusetts law. There will be no difficulty in managing this case as a class action. In fact, this is the quintessential example of when class action relief is appropriate.

23. The members of the Class are known to Town Sports and are readily identifiable through their records. Upon information and belief, there are thousands of Class Members in Massachusetts.

24. Many of the members of the Class are in financial situations that prohibit them from adequately vindicating their rights in full, particularly under the circumstances presently facing our nation.

25. In sum, the plaintiffs bring this action on behalf of themselves, and on behalf of all others similarly situated in Massachusetts who have been wronged by Town Sports through it charging membership fees after BSC locations closed in conjunction with COVID-19 concerns and orders, so long as those individuals fall within the Class Period. The plaintiffs also bring this action on behalf of a sub-class of individuals who attempted to cancel their memberships or other services with Town Sports but were not able to do so, so long as those individuals fall within the Class Period.

26. The plaintiffs bring this action on behalf of themselves, and on behalf of all others similarly situated as described above, pursuant to M.G.L. c. 93A, and under common law theories of breach of contract and unjust enrichment.

27. This class undoubtedly satisfies the requirements of Federal Rule of Civil Procedure 23, as numerosity, commonality, and typicality have been satisfied. Finally, the class representatives and class counsel will fairly and adequately protect the interests of the class.

28. The plaintiffs seek an award of compensatory damages, injunctive relief, attorneys' fees, costs, and treble damages arising out of Town Sports' violations of Chapter 93A, and other causes of action under Massachusetts law, and any and all other relief to which they, and the Class, are legally entitled.

## II.    THE PARTIES, JURISDICTION & VENUE

29. Plaintiffs Paul DelVecchio and Lynne DelVecchio are citizens and residents of the Commonwealth of Massachusetts who reside in Suffolk County. They joined the

6

BSC in 2018. Town Sports charged Paul and Lynne for membership fees on April 1, 2020.

30. Plaintiff Duncan K. Johnson is a citizen and resident of the Commonwealth of Massachusetts who resides in Suffolk County. He joined the BSC in 2018. Town Sports charged Duncan for membership fees on April 1, 2020. After the initiation of this lawsuit, Town Sports refunded Duncan for fees charged on April 1, 2020. It did not refund him for any fees associated with the period of time from March 16, 2020 through March 31, 2020.

31. Plaintiff Tony Proctor is a citizen and resident of the Commonwealth of Massachusetts who resides in Norfolk County. He joined the BSC in 2019. Town Sports charged Tony for membership fees on April 1, 2020. After the initiation of this lawsuit, Town Sports refunded Mr. Proctor for fees charged on April 1, 2020. It did not refund him for any fees associated with the period of time from March 16, 2020 through March 31, 2020.

32. Plaintiff Alanna Cardillo is a citizen and resident of the Commonwealth of Massachusetts who resides in Middlesex County. She joined the BSC in 2019. Ms. Cardillo inquired in March 2020 about cancelling or placing her membership on hold. She received only an automated response. Town Sports charged Alanna for membership fees on April 1, 2020. Alanna wrote to them on April 6, 2020 requesting to cancel her membership and received no response from Town Sports. She has not received any refunds. Notably, on March 16, 2020, the day prior to closures, Alanna checked-in to the gym in Medford. At no time did staff inform her of her options to cancel or freeze her membership. There were also no signs indicating closures. Later that evening, she noticed that it was posted on the BSC website that they would be closing the next day.

33. Plaintiff Stephen R. Cohen is a citizen and resident of the Commonwealth of Massachusetts who resides in Middlesex County. He is an eighty-year-old retired dentist and has been a BSC member for many years. On March 25, 2020, Mr. Cohen was charged $420 for training sessions to occur in April that BSC knowingly could not provide. Town Sports also charged Stephen for membership fees on April 1, 2020. He has not received any refunds.

34. Plaintiff Lisa Chiango is a citizen and resident of the Commonwealth of Massachusetts who resides in Middlesex County. She is Deafblind and has been a BSC member for many years, but she was unable to navigate their website to cancel her membership because it was not equipped to accommodate her disability, nor was the information made available to her so that she could effectively cancel prior to April. Town Sports charged Lisa for membership fees on April 1, 2020. She has not received any refunds.

35. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) and (a)(1), as there is diversity between the parties and the amount in controversy, with thousands of Class

Members having been wrongfully charged membership fees, many in the hundreds of dollars, far exceeds the $5,000,000 threshold.

36. Venue is proper under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in Massachusetts.

37. Defendant Town Sports International, LLC is a foreign limited liability company with its primary business being the running and operating of gyms under the brands New York Sports Clubs, Boston Sports Clubs, Washington Sports Clubs, and Philadelphia Sports Clubs, and which has a principal place of business located at 5 Penn Plaza, 4th Floor, New York, New York 10001, where its assets are accumulated and kept.

38. Defendant Town Sports International Holdings, Inc. d/b/a Boston Sports Club/s is a foreign corporation incorporated in Delaware with its primary business being the running and operating of gyms under the brands New York Sports Clubs, Boston Sports Clubs, Washington Sports Clubs, and Philadelphia Sports Clubs, and which has a principal place of business located at 1001 US North Highway 1, Suite 201, Juniper, Florida 33477, where its assets are accumulated and kept.

39. Town Sports conducts business as a foreign entity or entities within the Commonwealth under the name "Boston Sports Clubs."

40. M.G.L. Chapter 93A does not require that a demand letter be served if and when the "Respondent/s" do not keep their assets within the Commonwealth. Such is the case here, as Town Sports – under both corporate forms described above – retains its assets outside of Massachusetts. Further, neither of the Defendant corporations described in the preceding paragraphs are domestic entities. Regardless, demand letters have been mailed nonetheless and the plaintiffs' demand has been rejected by Town Sports, rendering any questions as to this issue moot and the plaintiffs' obligations satisfied.

III. <u>COUNTS</u>

Count 1 – Violations of Massachusetts Consumer Protection Statute

41. The plaintiffs repeat and reallege the preceding paragraphs of this Complaint as if fully set forth herein.

42. Town Sports conduct as described above constitutes an unfair and/or deceptive act or practice that caused harm to consumers, including the plaintiffs and the Class Members. Town Sports' actions constitute "unfair and deceptive practices" because it charged customers' accounts knowing that it was not providing services, and because it did not provide a means for customers to cancel or freeze their accounts.

43. Town Sports wrongful conduct was both willful and knowing.

8

WHEREFORE, the plaintiffs and the Class seek compensatory damages, restitution, statutory trebling of damages, attorneys' fees, costs, and any and all other relief to which they are entitled or that can be rewarded to the fullest extent of the law.

### Count 2 – Breach of Contract

44. The plaintiffs repeat and reallege the preceding paragraphs of this Complaint as if fully set forth herein.

45. The parties had a contract whereby the plaintiffs and the Class paid membership fees in exchange for access to services that included the ability to access physical gym locations knows as Boston Sports Clubs.

46. The contract between the parties was for good and valuable consideration.

47. Town Sports breached its obligations under the contract with the plaintiffs and the Class by charging membership fees without being able to provide access to its facilities.

48. As a result of Town Sports conduct, the plaintiffs and the Class suffered harm.

WHEREFORE, the plaintiffs and the Class seek contract damages, restitution, attorneys' fees, costs, and any and all other relief to which they are entitled or that can be rewarded to the fullest extent of the law.

### Count 3 – Unjust Enrichment

49. The plaintiffs repeat and reallege the preceding paragraphs of this Complaint as if fully set forth herein.

50. Town Sports willful and knowing conduct as described above has caused them to be unjustly enriched.

51. As a result of Town Sports conduct, the plaintiffs and the Class suffered harm.

WHEREFORE, the plaintiffs and the Class seek damages, restitution, attorneys' fees, costs, and any and all other relief to which they are entitled or that can be rewarded to the fullest extent of the law.

### Count 4 – Request for Declaratory Relief and Injunction

52. The plaintiffs repeat and reallege the preceding paragraphs of this Complaint as if fully set forth herein.

53. Town Sports has violated – willfully and knowingly – the provisions of the Massachusetts Consumer Protection Statute.

54. The plaintiffs and Class seek a declaratory judgment that Town Sports has violated M.G.L. c. 93A and must pay back all fees charged during the Class Period, with interest, and the award of attorneys' fees, costs, and that the award trebled.

55. The plaintiffs and Class seek injunctive relief that Town Sports be ordered not to charge any further membership fees without obtaining an express authorization from consumers to do so, and that Town Sports must provide a reasonable method for consumers to cancel or suspend their memberships, which will be honored and reviewed prior to any further fees being charged.

56. There is a high likelihood that the plaintiffs and Class prevail on the merits and the plaintiffs and Class, during these unprecedented times, will suffer irreparable harm if Town Sports is able to continue with these illegal practices and if Town Sports is not enjoined from dissipating the funds taken from the plaintiffs and the Plaintiff Class.

57. Public policy strongly favors this issuance of a declaratory judgment and injunctive relief in this instance.

WHEREFORE, the plaintiffs and the Class seek declaratory and injunctive relief as provided above, and any and all other relief, including compensatory damages, restitution, statutory trebling of damages, attorneys' fees, costs, and any and all other relief to which they are entitled or that can be rewarded to the fullest extent of the law.

IV. JURY DEMAND

The plaintiffs and Class demand a trial by jury on all counts so triable.

V. PRAYER FOR RELIEF

The plaintiffs and Class respectfully request that this Court:

(1) Enter a declaratory judgment that Town Sports has violated – willfully and knowingly – the provisions of the Massachusetts Consumer Protection Statute;

(2) Enjoin Town Sports from charging any further membership fees while its locations are closed without obtaining express authorization from consumers, and order that it must provide a reasonable method for consumers to cancel or suspend their memberships which will be reviewed and honored;

(3) Award the plaintiffs and the Class damages, restitution, statutory trebling of damages, attorneys' fees, costs, and any and all other relief to which they are entitled to the fullest extent of the law.

10

*Respectfully submitted,*
The Plaintiffs & The Plaintiff Class,
By their attorneys,

*/s/Leonard H. Kesten*
Leonard H. Kesten, BBO# 542042
Michael Stefanilo, Jr., BBO# 684500
Erica L. Brody, BBO# 681572
BRODY HARDOON PERKINS & KESTEN, LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
(617) 880-7100
lkesten@bhpklaw.com
mstefanilo@bhpklaw.com

Dated: April 9, 2020