UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Alanna Cardillo, Lisa Chiango, Stephen R. Cohen, Paul DelVecchio, Lynne DelVecchio, Duncan K. Johnson, Tony J. Proctor, *And others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN SPORTS INTERNATIONAL, LLC and TOWN SPORTS INTERNATIONAL HOLDINGS, INC. d/b/a BOSTON SPORTS CLUB/S,<br><br>Defendants. | C.A. No. 1:20-cv-10666-MLW |

## **SECOND AMENDED CLASS ACTION COMPLAINT**

*Introduction*[1]

This is a class action lawsuit filed pursuant to the Massachusetts Consumer Protection Statute, M.G.L. Chapter 93A, alleging unfair and deceptive acts and practices against Massachusetts consumers by the Defendants, Town Sports International and Town Sports International Holdings, Inc. d/b/a Boston Sports Clubs (collectively "Town Sports"), in willfully and knowingly charging consumers monthly membership fees for services that Town Sports knew it would not be providing pursuant to the terms of its membership agreements. In a deplorable display of corporate avarice, Town Sports stole from thousands of Massachusetts consumers struggling to survive the economic effects of the COVID-19 epidemic.

In mid-March 2020, Town Sports closed all of its Boston Sports Club ("BSC") locations in the Commonwealth of Massachusetts ("Commonwealth") due to the impact of COVID-19. It also furloughed or terminated nearly all of its Massachusetts-based employees. However, Town Sports then continued to charge consumers monthly membership fees for services that it knew it would not render, and ignored customer requests to cancel memberships, freeze accounts, or refund charges. By willfully and knowingly charging consumers for services it knew it would not provide, Town Sports

---

[1] For any avoidance of doubt, these allegations are included as part of the plaintiffs' and the Class Complaint, whether or not repeated in full or in part below.

violated the Massachusetts Consumer Protection Statute, M.G.L. c. 93A. It then, knowing the financial strain felt by many of its members during the Massachusetts State of Emergency, made it virtually impossible for consumers to cancel their memberships or avoid further charges for services Town Sports knew it would not render.

The plaintiffs, BSC members, seek an award of compensatory damages, attorneys' fees, costs, and treble damages arising out of Town Sports' violations of Chapter 93A, and other causes of action under Massachusetts law. The plaintiffs seek relief individually and on behalf of the class of consumers in Massachusetts who are similarly situated and were similarly wronged by Town Sports. Notably, Maura Healy, the Attorney General of Massachusetts, publicly declared the conduct of Town Sports to be in violation of state law. AG Healy announced that consumers "have the right to cancel [their] contract[s] with BSC under Massachusetts law."[2] In fact, on Twitter, she went so far as to say: "Make no mistake—this [Town Sports' conduct] is illegal." The plaintiffs and the class they represent wholeheartedly agree.[3] In a letter to Town Sports, Healey wrote "BSC has misled its members regarding their right to cancel their contracts, has continued to charge consumers who have given notice of cancellation of their contract, and has failed to make refunds within fifteen days to consumers who have cancelled. This conduct violates Massachusetts law and is completely unacceptable."[4] Later, after this lawsuit was initially filed and the AG threatened action, Town Sports agreed not to charge its members fees for May 2020, but it has refused to reimburse Massachusetts consumers for March and April services that were not provided. Town Sports believes that it has somehow satisfied its obligations under the law. Town Sports is incorrect in this regard.

---

[2] *See*, *e.g.*, Boston.com (Boston Globe Media Partners, LLC), <u>Boston Sports Clubs wouldn't let memberships be canceled during the coronavirus outbreak. Then they charged them</u>, dated April 3, 2020. Visit article <u>here</u> (last visited April 9, 2020).

[3] Numerous health and fitness chains and businesses have, of their own volition announced that membership charges will be suspended at the outset of COVID-19 shutdowns. *See, e.g.*, <u>Equinox</u>, Visit site <u>here</u> (stating "Your membership will be put on freeze at no cost as of the day the club closed. No further action is required to freeze"); <u>Planet Fitness</u>, Visit site <u>here</u> ("Out of an abundance of caution, all of our clubs have closed until further notice. As your long-term partner in fitness, we have proactively frozen all memberships on your behalf, and you will not be charged any fees during this time"); <u>Barry's Boot Camp</u>, Visit site <u>here</u> ("For any existing reservations, we will return these classes to your account. Additionally, all class packages and memberships will be adjusted to reflect the duration of these closures").

[4] *See, e.g.*, Boston.com (Boston Globe Media Partners, LLC), <u>Read the letter Maura Healey wrote to the CEO of Boston Sports Clubs over charging members while closed</u>, dated April 7, 2020, Visit article <u>here</u> (last visited April 9, 2020).

I. FACTUAL ALLEGATIONS COMMON TO THE CLASS

A. *Violation of M.G.L. c. 93A by charging customers for services after March 16, 2020 that Town Sports knew it would not provide.*

1. On or about March 16, 2020, Town Sports closed all BSC locations in the Commonwealth, and furloughed (indefinitely) or terminated its entire work force in Massachusetts. Town Sports sent multiple notices of closure to consumers, but deprived consumers of any meaningful way after March 16, 2020 of preventing Town Sports from continuing to charge them fees for services it knew it would not render.

2. In early 2020, Town Sports required substantially all its Massachusetts members, including the plaintiffs, to allow automatic deduction of their monthly membership and other fees from the member's credit card or bank accounts. Under these agreements, the member's bank or credit card company could only suspend these automatic payments with Town Sports' permission.

3. On reliable information and belief, based on a number of news reports, public social media postings, hundreds of personal accounts, consumer reports filed with the Attorney General's Office, statements made by public officials, and the plaintiffs' experiences, Town Sports charged all or nearly all Massachusetts BSC members monthly membership fees for April, 2020 on or about April 1, 2020.

4. By charging the plaintiffs and other Massachusetts customers after March 16, 2020 for services it knew it would not provide, Town Sports knowingly and willfully engaged in unfair and deceptive acts and practices in violation of M.G.L. c. 93A, § 2.

5. On April 8, 2020, after the initiation of this lawsuit and negotiations with the Attorney General, Town Sports informed its members that it would voluntarily freeze all accounts and would not charge fees for May 2020. However, it refused to issue refunds except to the four original named plaintiffs, which it did only after this lawsuit was filed, and without notice to counsel or those individuals. When asked to issue refunds to all aggrieved members, as requested in the plaintiffs' demand letter, Town Sports refused. Refusing these refunds and forcing Massachusetts BSC members to sue for refunds is a knowing and willful violation of Chapter 93A.

B. *Violation of M.G.L. Chapters 93 & 93A by preventing customers from cancelling memberships.*

6. In addition to charging Massachusetts members on April 1, 2020 for services it knew it would not provide, Town Sports further violated M.G.L. c. 93A, § 2 by blocking members' attempts to cancel or suspend their memberships and the associated automatic payments.

7. Town Sports member contracts permit members to cancel by "(1) giving notice at the club and obtaining a cancellation receipt, or (2) sending a written notification by

certified or registered mail to the club. . . ." Since all Massachusetts BSC locations were closed as of March 16, 2020, members could not cancel by either method required by the contract.

8. From March 16, 2020 until April 1, 2020, Town Sports deliberately rejected member attempts to cancel, stating only that it would "address all membership-related concerns once our gyms are operating."

9. On April 1, 2020, sixteen days after closing its Massachusetts clubs, Town Sports provided an email address for consumers to freeze their accounts, if they chose to "pass up" the opportunity to pay for virtual fitness programs and potential future upgrades. By this time, Town Sports had already charged its members for April fees.

10. Town Sports deliberately waited sixteen days after closing all Massachusetts clubs so that it could automatically charge all customers for April membership fees before giving members a way to suspend automatic payments.

11. Pursuant to M.G.L. c. 93, Section 82, consumers have a statutory right to cancel gym memberships any time a seller "substantially changes the operation of a health club or location," and "[a]ll monies paid by the buyer pursuant to a contract for health club services which has been cancelled for one of the reasons contained in this section shall be refunded to the buyer or his estate within fifteen days of the seller's receipt of such notice of cancellation . . . ." *Id.*

12. Chapter 93 further provides that "[a]ny buyer who has suffered any injury as a result of a violation of sections seventy-eight to eighty-eight, inclusive, or the attorney general, may bring an action for recovery of damages or other relief, including injunctive relief, multiple damages and attorney's fees, as and to the extent provided for under chapter ninety-three A." M.G.L. c. 93, § 86. These remedies are "not exclusive and do not relieve the seller or his assignees or the contracts subject to said sections from compliance with all other applicable provisions of law." *Id.*

13. By depriving all Massachusetts members of any means to cancel their memberships between March 16, 2020 and April 1, 2020, and automatically charging them for April membership fees before permitting cancellation by email, Town Sports engaged in knowing and willful unfair and deceptive acts and practices in violation of Chapters 93 and 93A.

14. On April 8, 2020, after the initiation of this lawsuit and negotiations with the Attorney General, Town Sports informed its members that it would voluntarily freeze all accounts and would not charge fees for May 2020. However, it refused to issue refunds except to the four original named plaintiffs, which it did only after this lawsuit was filed, and without notice to counsel or those individuals. When asked to issue refunds to all aggrieved members, as requested in the plaintiffs' demand letter, Town Sports refused. Refusing these refunds and forcing Massachusetts BSC members to sue for refunds is a knowing and willful violation of Chapters 93 and 93A.

II.     THE CLASS

15. Town Sports has over 100,000 BSC members in Massachusetts, all or nearly all of who were charged fees after Town Sports closed all BSC clubs on March 16, 2020. As stated below, the class representative plaintiffs have all been charged such fees, and thus can appropriately bring this action on their own behalf and on behalf of all Massachusetts BSC members who were charged fees by Town Sports after March 16, 2020 for services that were not provided, or who tried to cancel their memberships after March 16, 2020 but were unable to do so. This shall be known as the Class Period.

16. The Class is so numerous that joinder of all Class Members would be impracticable. Most Class Members are not likely to file individual suits because the amount in controversy is typically under $100. For this reason, a class action would be the most efficient mechanism for resolution of the claims of the Class.

17. Except for differences in the fees charged to each member, Paragraphs 1-14, *supra*, show that virtually all issues of law and fact are identical for determining the claims of Class Members.

18. The claims of the plaintiffs are typical of the claims of the Class, because each Class Member was subject to and victimized by the same unlawful conduct of Town Sports in essentially the same manner.

19. The plaintiffs are represented by seasoned litigation counsel, who are experienced in class action litigation and, in particular, in litigating claims under M.G.L. c. 93A (and its insurance counterpart, Chapter 176D).

20. The prosecution of separate actions against Town Sports would be a waste of judicial resources, and the resources of the Class Members. It would also create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Town Sports. In addition, adjudications with respect to individual members of the Class could, as a practical matter, be dispositive of the interests of all the other members of the Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

21. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual Class Members. A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy. Facts not common to the Class are immaterial to resolving the common legal questions whether Town Sports' conduct violated Massachusetts law. There will be no difficulty in managing this case as a class action. In fact, this is the quintessential example of when class action relief is appropriate.

22. The members of the Class are known to Town Sports and are readily identifiable through their records.

23. Many of the members of the Class are in financial situations that prohibit them from adequately vindicating their rights in full, particularly under the circumstances presently facing our nation.

24. In sum, the plaintiffs bring this action on behalf of themselves, and on behalf of all others similarly situated in Massachusetts, who have been wronged by Town Sports through it charging membership fees after BSC locations closed in conjunction with COVID-19 concerns and orders, so long as those individuals fall within the Class Period. The plaintiffs also bring this action on behalf of a sub-class of individuals who attempted to cancel their memberships or other services with Town Sports but were not able to do so, so long as those individuals fall within the Class Period.

25. The plaintiffs bring this action on behalf of themselves, and on behalf of all others similarly situated as described above, pursuant to M.G.L. cc. 93 and 93A, and under common law theories of breach of contract and unjust enrichment.

26. This class undoubtedly satisfies the requirements of Federal Rule of Civil Procedure 23, as numerosity, commonality, and typicality have been satisfied. Finally, the class representatives and class counsel will fairly and adequately protect the interests of the class. Class adjudication is also the superior method here. Predominance and superiority are satisfied.

27. The plaintiffs seek an award of compensatory damages, attorneys' fees, costs, and treble damages arising out of Town Sports' violations of Chapter 93A, and other causes of action under Massachusetts law, and any and all other relief to which they, and the Class, are legally entitled.

III.   THE PARTIES, JURISDICTION & VENUE

28. Plaintiffs Paul DelVecchio and Lynne DelVecchio are citizens and residents of the Commonwealth of Massachusetts who reside in Suffolk County. They joined the BSC in 2018. Town Sports charged Paul and Lynne for membership fees on April 1, 2020.

29. Plaintiff Duncan K. Johnson is a citizen and resident of the Commonwealth of Massachusetts who resides in Suffolk County. He joined the BSC in 2018. Town Sports charged Duncan for membership fees on April 1, 2020. After the initiation of this lawsuit, Town Sports refunded Duncan for fees charged on April 1, 2020. It did not refund him for any fees associated with the period of time from March 16, 2020 through March 31, 2020.

30. Plaintiff Tony Proctor is a citizen and resident of the Commonwealth of Massachusetts who resides in Norfolk County. He joined the BSC in 2019. Town Sports charged Tony for membership fees on April 1, 2020. After the initiation of this lawsuit, Town Sports

refunded Mr. Proctor for fees charged on April 1, 2020. It did not refund him for any fees associated with the period of time from March 16, 2020 through March 31, 2020.

31. Plaintiff Alanna Cardillo is a citizen and resident of the Commonwealth of Massachusetts who resides in Middlesex County. She joined the BSC in 2019. Ms. Cardillo inquired in March 2020 about cancelling or placing her membership on hold. She received only an automated response. Town Sports charged Alanna for membership fees on April 1, 2020. Alanna wrote to them on April 6, 2020 requesting to cancel her membership and received no response from Town Sports. She has not received any refunds. Notably, on March 16, 2020, the day prior to closures, Alanna checked-in to the gym in Medford. At no time did staff inform her of her options to cancel or freeze her membership. There were also no signs indicating closures. Later that evening, she noticed that it was posted on the BSC website that they would be closing the next day.

32. Plaintiff Stephen R. Cohen is a citizen and resident of the Commonwealth of Massachusetts who resides in Middlesex County. He is an eighty-year-old retired dentist and has been a BSC member for many years. On March 25, 2020, Mr. Cohen was charged $420 for training sessions to occur in April that BSC knowingly could not provide. Town Sports also charged Stephen for membership fees on April 1, 2020. He has not received any refunds.

33. Plaintiff Lisa Chiango is a citizen and resident of the Commonwealth of Massachusetts who resides in Middlesex County. She is Deafblind and has been a BSC member for many years, but she was unable to navigate their website to cancel her membership because it was not equipped to accommodate her disability, nor was the information made available to her so that she could effectively cancel prior to April. Town Sports charged Lisa for membership fees on April 1, 2020. She has not received any refunds.

34. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) and (a)(1), as there is diversity between the plaintiffs as Massachusetts residents and the defendants, foreign corporations. The amount in controversy far exceeds $5,000,000, as the plaintiff class exceeds 100,000, and on average the fees charged to members of the plaintiff class after March 16, 2020 substantially exceed $50.

35. Venue is proper under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in Massachusetts.

36. This lawsuit was the first of its kind to be filed on behalf of plaintiffs who are citizens of Massachusetts and BSC members seeking relief under the Massachusetts Consumer Protection law, ch. 93A, ch. 93, and Massachusetts common law. It is also the first lawsuit to have a live ch. 93A claim (assuming a demand was required, as Town Sports has suggested, *see* Paragraph 40, *infra*) and any claim at all under ch. 93.

37. Defendant Town Sports International, LLC is a foreign limited liability company with its primary business being the running and operating of gyms under the brands New

York Sports Clubs, Boston Sports Clubs, Washington Sports Clubs, and Philadelphia Sports Clubs, and which has a principal place of business located at 5 Penn Plaza, 4th Floor, New York, New York 10001, where its assets are accumulated and kept.

38. Defendant Town Sports International Holdings, Inc. d/b/a Boston Sports Club/s is a foreign corporation incorporated in Delaware with its primary business being the running and operating of gyms under the brands New York Sports Clubs, Boston Sports Clubs, Washington Sports Clubs, and Philadelphia Sports Clubs, and which has a principal place of business located at 1001 US North Highway 1, Suite 201, Juniper, Florida 33477, where its assets are accumulated and kept.

39. Town Sports conducts business as a foreign entity or entities within the Commonwealth under the name "Boston Sports Clubs."

40. M.G.L. Chapter 93A does not require that a demand letter be served if and when the "Respondent/s" do not keep their assets within the Commonwealth. Such is the case here, as Town Sports – under both corporate forms described above – retains its assets outside of Massachusetts. Further, neither of the defendant corporations described in the preceding paragraphs are domestic entities. Regardless, demand letters were mailed on April 6, 2020, and provided by email the following day (receipt of the demand was acknowledged). Town Sports formally rejected the plaintiffs' demand via letter received on May 5, 2020 and dated April 29, 2020 (after having rejected it via email well prior to that time), rendering any questions as to this issue moot and the plaintiffs' obligations satisfied. As of May 6, 2020, the 30-day period required of some claims made under Chapter 93A expired.

IV.   COUNTS

Count 1
*Violations of Massachusetts Consumer Protection Laws*

41. The plaintiffs repeat and reallege the preceding paragraphs of this Complaint as if fully set forth herein.

42. Town Sports' conduct as described above constitutes an unfair and/or deceptive act or practice that caused harm to consumers, including the plaintiffs and the Class Members. Town Sports' actions constitute "unfair and deceptive practices," in violation of c. 93A, § 2, because it charged customers' accounts knowing that it was not providing services, and in violation of c. 93 and c. 93A because it did not provide a means for customers to cancel or freeze their accounts and prevent further unlawful charges.

43. Town Sports' wrongful conduct was both willful and knowing.

WHEREFORE, the plaintiffs and the Class seek compensatory damages, restitution, statutory trebling of damages, attorneys' fees, costs, and any and all other relief to which they are entitled or that can be rewarded to the fullest extent of the law.

Count 2
*Breach of Contract*

44. The plaintiffs repeat and reallege the preceding paragraphs of this Complaint as if fully set forth herein.

45. The parties had a contract whereby the plaintiffs and the Class paid membership fees in exchange for access to services that included the ability to access physical gym locations knows as Boston Sports Clubs.

46. The contract between the parties was for good and valuable consideration.

47. Town Sports breached its obligations under the contract with the plaintiffs and the Class by charging membership fees without being able to provide access to its facilities.

48. As a result of Town Sports conduct, the plaintiffs and the Class suffered harm.

   WHEREFORE, the plaintiffs and the Class seek contract damages, restitution, attorneys' fees, costs, and any and all other relief to which they are entitled or that can be rewarded to the fullest extent of the law.

Count 3
*Unjust Enrichment*

49. The plaintiffs repeat and reallege the preceding paragraphs of this Complaint as if fully set forth herein.

50. Town Sports willful and knowing conduct as described above has caused them to be unjustly enriched.

51. As a result of Town Sports conduct, the plaintiffs and the Class suffered harm.

   WHEREFORE, the plaintiffs and the Class seek damages, restitution, attorneys' fees, costs, and any and all other relief to which they are entitled or that can be rewarded to the fullest extent of the law.

V.   <u>JURY DEMAND</u>

   The plaintiffs and Class demand a trial by jury on all counts so triable.

VI.   <u>PRAYER FOR RELIEF</u>

   The plaintiffs and Class respectfully request that this Court:

(1) Enter a declaratory judgment that Town Sports has violated – willfully and knowingly – the provisions of c. 93A, the Massachusetts Consumer Protection Statute, and c. 93;

(2) Award the plaintiffs and the Class damages, restitution, statutory trebling of damages, attorneys' fees, costs, and any and all other relief to which they are entitled to the fullest extent of the law.

*Respectfully submitted,*
The Plaintiffs & The Plaintiff Class,
By their attorneys,


*/s/ Leonard H. Kesten.*
Leonard H. Kesten, BBO# 542042
Samuel Perkins, BBO# 542396
Michael Stefanilo, Jr., BBO# 684500
BRODY HARDOON PERKINS & KESTEN
699 Boylston Street, 12th Floor
Boston, MA 02116
(617) 880-7100
lkesten@bhpklaw.com
sperkins@bhpklaw.com
mstefanilo@bhpklaw.com

DATED: May 11, 2020

**CERTIFICATE OF SERVICE**

    I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

                                      */s/ Leonard H. Kesten.*
                                      Leonard H. Kesten, BBO# 542042

Dated: May 18, 2020